RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 2 6 2026
DANIEL J. McCOY, CLERK
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

RAYNALDO SAMPY
PLAINTIFF

6:26-cv-1817

V

ASHER REAUX, LOGAN CAMPBELL, LAFAYETTE POLICE MOUNTING DEPARTMENT,
LAFAYETTE POLICE K9 DIVISION OFFICER BADGE NUMBER 375
AS WELL AS 9 OTHER UNIDENTIFIED OFFICERS
DEFENDANTS

PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION:

## I. INTRODUCTION

1. This is an action for money damages brought by complainant, RAYNALDO MARKEITH SAMPY, JR., pursuant to 42 U.S.C. 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the laws and constitution of the State of Louisiana against the LAFAYETTE CITY

POLICE DEPARTMENT" Officer LOGAN CAMPBELL , LAFAYETTE MOUNTING DIVISION, K9 Officer BADGE NUMBER 375, Officer ASHER REAUX, AS WELL AS 9 OTHER JOHN DOE OFFICERS WHOS NAMES WILL HAVE TO BE FOUND OUT THROUGH DISCOVERY PROCESS this case arises from officer reaux running his horse into mr sampy as he was waiting on his ride near the 411 jefferson st. followed by his false arrest, police brutality, and an unlawful search

Thereafter the officers prepared and filed a false report

## II. JURISDICTION, VENUE, AND NOTICE

2. Jurisdiction is founded on 28 U.S.C. 1331, 1343, 2201, 2202. Complainant further invokes jurisdiction of this Honorable Court under 28 U.S.C. 1367 to adjudicate claims arising under the Laws of the State of Louisiana, including, but not limited to Article 2315, et seq, of the Louisiana Civil Code and Article I, Sections 2, 5, and 7 of the Louisiana Constitution of 1974.

This case is instituted in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## III. PARTIES

4. At all times relevant hereto, Plaintiff Raynaldo Markeith Sampy Jr., was a resident of the Western District of Louisiana and a citizen of the United States of America.

5. At all times relevant hereto, Defendant asher reaux was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant Reaux is sued individually.

6. At all times relevant hereto, Defendant logan campbell was citizens of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department defendant is sued individually.

6. At all times relevant hereto, Defendants 9 john do ( yet to be identified officers) were citizens of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. These 9 unidentified officers are sued individually.

7. at all times relevant hereto, defendant officer badge number 375 of the k9 unit was a citizen of the united states and a resident of the western district of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the lcg and or the Lafayette police department.

## IV. STATEMENT OF FACTS

On may 25th 2025 at 1:45 am officer reaux rode his horse onto the sidewalk passed up mr sampy to go to the end of the street and turned around and purposely without warning ran his horse into mr sampy, once doing so started attacking mr sampy with his horse asking him "hey man uhh why don't you just leave" to which mr sampy responed he was waiting on his ride. Officer reaux then responded well…. Now im telling you to leave. Officer campbell walked up asking mr sampy if he would leave to which he responded I don't see any no trespass signs. Mr sampy wanted to make a complaint about the horse and identify every officer involved as officer badge number 375 walks up targeting sampy and states " that's mr sampy he likes lawsuits you need to take yourself somewhere else because youre on private property" and starts shoving mr sampy

off of property where his consent was implied and the property wasn't private but connected to the public sidewalk sampy hit backwards as reaux hit him with his horse. Lafayette police mounting rules provide that no horse is allowed on the sidewalk. Officer reaux disregarded his department policy in order to attack mr sampy standing on the sidewalk alone.

Officer badge number 375 then started to push and shove mr sampy as he tried to identify the officer who refused. The same officer then instead of identifying goes on to tell sampy if he touches him he would be arrested. Then another officer on the mounting department started using his horse to jump in between the officer and sampy was trying to identify. Officer logan campbell then grabbed and threw mr sampy to the ground stating "get the fuck out of here"the officer ripped mr sampy's shirt and injured mr sampy throwing him to the ground. Once mr sampy tried to get up the other mounted unit was hitting him. Mr sampy started to walk away while asking for badge numbers the mounted unit started cutting off mr sampy movements and hitting him in the head with a horse. Two other officers are seen trying to push mr sampy into and under the horse from behind. Then officer campbell grabs mr sampy by his hair and arm pulling him trying to throw him on the ground again pulling out his hair in the process. At no time was mr sampy trespassed from the sidewalk or the street or the clothing store. Officer campbell arrested mr sampy because they were at risk for suit. As mr sampy threatened to sue officer campbell threatened to further his charges. Once in the car officer campbell takes further violent action and hits mr sampy with his binder in the head for talking. Once out of the police cruiser samppy tells reaux he will sue him for coming at him with his horse, officer reaux responds laughing while saying youre gonna try that again hahaha u lost the last one. This attack was purposeful and initiated by officer reaux, whom after sampy was arrested started running his horse into other people despite saying there was problem with the horse after already hitting mr sampy. There were no reports made by any officer as to any problems with the horse reaux was using as required by the department. mr sampy was falsely arrested and charged with criminal trespass of the sidewalk the street and an adjacent property of a clothing store.

In their angst to divert from liability for and cover up their viciously brutal attack for which they lacked probable cause to arrest, and having heard Mr. Sampy's threats to have their jobs for their assault on his person

and constitutional rights, Defendant officers next conspired and/or acted in concert to have Plaintiff falsely charged and prosecuted for criminal trespassing in violation of city ordinance 62-80

All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Sampy's federally and state protected rights, and were done while acting under color of state law.

As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional federal and state rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related

treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 – Unlawful Arrest and False Imprisonment in violation of the Fourth Amendment

*(Against LOGAN CAMPBELL, ASHER Reaux, OFFICER BADGE NUMBER375 AND 9 JOHN DOE OFFICERS.*

Plaintiff Sampy hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

Plaintiff Sampy in this action is a citizens of the United States and all of

the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

All individual Defendants to this claim at all times relevant hereto, were acting under the color of state law in their capacity as Lafayette Police officers and their acts or omissions were conducted within the scope of their official duties or employment.

At the time of the complained of events, Plaintiff Sampy had a clearly established constitutional right under the Fourth Amendment to be secure in his persons and property from unreasonable search and seizure.

Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

The Defendant officers' actions and omissions,

were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of the Plaintiff.

Defendant officers' arrests, confinements and searches, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable arrests, searches, or false imprisonment by other Defendant officers. They are each therefore liable for the injuries and damages resulting from the objectively unlawful arrest, search, and false imprisonment of each other officer.

These individual Defendants are not entitled to qualified immunity for the complained of conduct.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff Sampy.

**SECOND CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments

*( (Against LOGAN CAMPBELL, ASHER Reaux, OFFICER BADGE NUMBER375 AND 9 JOHN DOE OFFICERS.*

. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Lafayette Police Department officers

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

Defendants Reaux, CAMPBELL, and 375 THE 9 OTHERS actions and use of force, as described

Defendants Reaux, CAMPBELL, 375, AND 9. OTHERS actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Sampy's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

Defendants unlawfully seized Mr. Sampy by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Sampy of his freedom.

None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Sampy's federally and state protected constitutional rights.

They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

These individual Defendants acted in concert and joint action with each other.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

These individual Defendants are not entitled to qualified immunity for the complained of conduct.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment** *(Against CAMPBELL Reaux, BADGE 375 AND 9 OTHER OFFICERS )*

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Denver police officers and their acts

or omissions were conducted within the scope of their official duties or employment.

At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

. Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

Mr. Sampy exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to physical mistreatment, arrests, searches of their property by the police and objectionable police conduct.

Retaliatory animus for Mr. Sampy's exercise of his constitutionally protected right to question Lafayette Police officers regarding the scope of their legal authority to arrest him with violence and to continue to use violence to his person was a substantially motivating factor in the excessive force used by individual officers.

The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

All of these Defendant officers participated in this use of force as a means of retaliation for his protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

**4TH CAUSE OF ACTION**
**(LOUISIANA TORT - FALSE ARREST AND IMPRISONMENT)**

As a pendent state cause of action, at all times material and relevant herein, Defendants, by acts and/or omissions and under color of state law, willfully detained Plaintiff Sampy without his consent and without authority of the law. Plaintiff pleads false imprisonment and false arrest as Defendants had the intent to arrest and confine him as soon as he was forcibly extracted from his pickup, and carried out the intent by putting him in positions so that he could not move, let alone leave. Such confinement resulted in harmful detention, without consent, and without authority of the law.

A damages remedy here is necessary to effectuate the purposes of Article 1, Section 5 of the Louisiana Constitution, and appropriate to ensure full realization of Plaintiff's rights under those provisions.

## 5TH CLAIM FOR RELIEF

## SELECTIVE ENFROCEMENT OF THE LAW.

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Plaintiff in this action is a citizen of the United States and all of the individual

police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Denver police officers and their acts or omissions were conducted within the scope of their official duties or employment.

At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

Mr. Sampy exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to physical mistreatment, arrests, searches of their property by the police and objectionable police conduct.

## 6TH CAUSE OF ACTION

## NEGLIGENCE

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Denver police officers and their acts or omissions were conducted within the scope of their official duties or employment.

At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

## VI. JURY DEMAND

118. Plaintiff Sampy request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. DAMAGES

119. Plaintiff respectfully requests all relief to which Plaintiff Sampy is entitled to as a matter of law, that Defendants be held jointly, severally, and solidarily liable for all damages suffered by state and federal violations as set forth herein and as authorized by law, including but not limited to expenses incurred, attorneys' fees, costs, interest, and punitive damages, as well as all general and equitable relief pursuant to 42 U.S.C. §1983 and §1988. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

VIII. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

1. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
2. economic losses on all claims allowed by law;
3. special damages in an amount to be determined at trial;
4. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;
5. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;
6. pre- and post-judgment interest at the lawful rate; and,
7. any further relief that this court deems just and proper, and any other

   appropriate relief at law and equity.

WHEREFORE, the Plaintiff, RAYNALDO MARKEITH SAMPY, JR., respectfully requests that this Honorable Court enter judgment in his favor and against Defendants for all relief to which he is entitled as a matter of law, and that Defendants be held jointly, severally, and solidarily liable for all damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, punitive damages, as well as all general and equitable relief under available under Louisiana and federal law.

DATED 5/26/25

RESPECTFULLY SUBMITED

RAYNALDO SAMPY
158 STILLWATER LN CARENCRO LA
3375579832
RAYSAMPY92@GMAIL.COM